```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LEONEL HEBERT                                    CIVIL ACTION

VERSUS                                           NO: 07-2218

LOYOLA UNIVERSITY OF NEW                         SECTION: "A" (4)
ORLEANS
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Rec. Doc. 3)** filed by defendant Loyola University New Orleans. Plaintiff, Leonel Hebert, opposes the motion. The motion, set for hearing on September 5, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED IN PART AND DENIED IN PART.

### I.   BACKGROUND

Leonel Hebert ("Plaintiff") is a former employee of Loyola University New Orleans ("Defendant"). Plaintiff was employed as a store keeper. Plaintiff's employment was terminated on December 31, 2005, allegedly due to financial constraints

following Hurricane Katrina.  Plaintiff filed this lawsuit contending that in the course of his employment with Defendant he was subjected to age discrimination.  (Comp. ¶ 12).  Further, Plaintiff contends that he is 62 years old, that he was replaced by "a young employee," and that the reasons given for his discharge were not true.  (Id. ¶ 15).  Plaintiff also alleges that he was discharged in violation of the Family Medical Leave Act because at the time of his discharge he was under the care of a medical doctor and had been placed on sick leave.  (Id. ¶ 14). Plaintiff alleges causes of action under federal and state law.

Defendant now moves to dismiss the complaint arguing that Plaintiff's allegations are not supported by a sufficient factual basis.  Alternatively, Defendant moves the Court to order Plaintiff to provide a more definite statement of facts pursuant to Rule 12(e) so that Defendant can properly respond to the complaint.

In opposition, Plaintiff defends his complaint but also expounds upon his claims to some extent.  Plaintiff concedes that the complaint contains some unnecessary language and statutory cites that were inadvertently carried over from another plaintiff's complaint.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 12(e), Motion for a More

Definite Statement provides in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed. R. Civ. P. 12(e).  The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Babcock & Wilcox Co. v. McGriff, Seibels & Willaims, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting Advanced Commun. Tech., Inc. v. Li, No. 05-4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005)).

When evaluating a motion for more definite statement the Court must assess the complaint in light of the minimal pleading requirements of Rule 8.  Id. (quoting Fed. R. Civ. P. 8 ("A pleading . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .")).  The 12(e) motion is disfavored given the "great liberality" of Rule 8 and a plaintiff should not be required to amend his complaint when the allegations are sufficient to withstand a motion to dismiss.  Id. (quoting Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)).

In the instant case Plaintiff's complaint is far from being

3

"artfully pled" but the Court is persuaded that the complaint complies with Rule 8's liberal notice pleading requirements.  The complaint is not so deficient so as to warrant a dismissal or a more definite statement of the facts.  Under the Federal Rules specific averments as to time and place are not required.  Id. (citing Fed. R. Civ. P. 9(f)) and minimal discovery should clarify all of Plaintiff's specific allegations.  The allegations in the complaint are not so ambiguous and unintelligible so as to expose Defendant to prejudice when answering the lawsuit.  Defendant can answer the allegations with general denials where appropriate.

The Court does find, however, that Plaintiff's failure to remove certain language and cites that were inadvertently left in the complaint from another lawsuit makes it unnecessarily difficult to read the complaint.  Thus, Plaintiff will be ordered to clean up the complaint accordingly.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Rec. Doc. 3)** filed by defendant Loyola University New Orleans is **GRANTED IN PART AND DENIED IN PART.**  The motion is **GRANTED** insofar as Plaintiff shall amend his complaint within **ten (10) days** from entry of this order to delete all of the language and statutes

4

that do not apply to this Plaintiff's claims.  Defendant will have **ten (10) days** thereafter to answer the complaint.  The motion is **DENIED** in all other respects.

September 11, 2007

```
                              _____
                                       JAY C. ZAINEY
                              UNITED STATES DISTRICT JUDGE
```

5